FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 29 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
PEDRO RAMOS SANCHEZ,

                    Petitioner,

    - against -

UNITED STATES OF AMERICA,

                    Respondent.
----------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
12-CV-01540 (CBA)

AMON, Chief United States District Judge.

      Petitioner Ramos Sanchez, proceeding pro se, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He alleges that the Federal Bureau of Prisons ("BOP") improperly calculated the term of his incarceration by failing to credit the 57-month imprisonment imposed by this Court with the full length of time-served. After filing the instant petition, Sanchez was released on August 29, 2012. For the following reasons, the Court dismisses this petition for failure to exhaust administrative remedies and as moot.

## DISCUSSION

      "A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001). Before seeking habeas relief under § 2241, however, a petitioner must first exhaust any available administrative remedies. See id. at 634. For federal inmates challenging the conditions of their confinement, the BOP has established the Administrative Remedy Program, which allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." See 28 C.F.R. §§ 542.10-19. Failure to exhaust administrative remedies results in procedural default, which bars judicial review except when "(1) available remedies provide no genuine opportunity

1

for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a party has raised a substantial constitutional question." Beharry v. Aschcroft, 329 F.3d 51, 62 (2d Cir. 2003) (internal quotation marks and citations omitted); see also Bolling v. Terrell, 10-CV-3594, 2011 WL 705396, at *1 (E.D.N.Y. Feb. 15, 2011).

According to respondent's review of BOP records, Sanchez did not ever attempt to pursue his administrative remedies before filing his § 2241 petition with this Court. (DE #6, Att. #1.) Sanchez has not contested this omission, nor has he offered any explanation why his failure to exhaust should nevertheless be excused. Accordingly, because Sanchez is not excused from his duty to exhaust his administrative remedies, his procedural default bars judicial review by this Court. See Carmona, 243 F.3d at 634.

In any event, even if the Court were to excuse Sanchez's failure to exhaust, it would still dismiss the petition because his release on August 29, 2012 renders this action moot. A case is moot if it no longer presents a "case or controversy" within the meaning of Article III, § 2 of the Constitution. "In order for a habeas petitioner who is no longer in custody to demonstrate a case or controversy, a 'concrete and continuing injury' that is a 'collateral consequence' of the detention and can be remedied by granting the writ must exist." So v. Reno, 251 F.Supp.2d 1112, 1120 (E.D.N.Y. 2003) (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)). Where a petitioner such as Sanchez challenges not his criminal conviction but rather some other aspect of the criminal proceedings, no presumption of "collateral consequences" exists, and thus the petitioner must make some showing of a "concrete and continuing injury." See Gutierrez v. Laird, No. 05-CV-5135, 2008 WL 3413897, at *1 (E.D.N.Y. Aug. 8, 2008) (dismissing § 2241

petition seeking credit for time served as moot where petitioner was released while petition was pending and "presented no evidence of a continuing or concrete injury after his release").

Sanchez is no longer in federal custody due to his release on August 29, 2012. Since he challenges not his conviction but only the conditions of his confinement, the Court does not presume that any "collateral consequence" that amounts to a "concrete and continuing injury" still exists. Sanchez, moreover, presents no evidence of a continuing or concrete injury that has persisted since his release. As a result, because his petition for credit no longer satisfies the case-or-controversy requirement of Article III, § 2, it is moot.

**CONCLUSION**

For the reasons set forth above, the Court denies Sanchez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for failure to exhaust administrative remedies and as moot. The Clerk of Court is directed to enter judgment dismissing the petition and to close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
November 21 2012

/S/ Chief Judge Carol Bagley Amon
Carol Bagley Amon
Chief United States District Judge

3